UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL CLIFFTON MERKLE,

       Plaintiff,

v.

CALHOUN COUNTY SHERIFF et al.,

       Defendants.
_____/

Case No. 1:25-cv-1008

Honorable Maarten Vermaat

## OPINION

This is a civil rights action under 42 U.S.C. § 1983 brought by an individual confined in the Calhoun County Correctional Center. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a

named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim and pursuant to the principles of abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated in the Calhoun County Correctional Center, located in Battle Creek, Calhoun County, Michigan. The events about which he complains occurred in Calhoun County, Michigan. Plaintiff sues the **Calhoun County Sheriff, Judge Paul Buckley, City of Battle Creek Police Department, Attorney Ashley Smith, Judge Michelle Richards, Sheriff Steve Hinkley, Judge Paul K. Beardsley,** and **Chief of Police Shannon Bagley**. (Am. Compl., ECF No. 5, PageID.34–35.)

Plaintiff's amended complaint concerns his January 17, 2025, arrest and subsequent criminal prosecution. (Am. Compl., ECF No. 5, PageID.40–41.) He claims that he has been

---

United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

unlawfully detained (*id.*, PageID.41) and, as a result of his refusal to submit to a mental health evaluation, was found incompetent to stand trial (*id.*, PageID.42–45). Plaintiff seeks an injunction releasing him from confinement and declaratory relief that would "exonerate" Plaintiff of the charges for which he is detained. (*Id.*, PageID.52.)

## II.     Failure to State a Claim and Abstention

Plaintiff seeks to hold Defendants liable for his alleged illegal incarceration. He asks that the Court order that he be released from confinement and that the charges against him be dismissed. (*Id.*) Plaintiff's complaint is subject to dismissal without prejudice for two reasons.

First, a challenge to the fact or duration of confinement must be brought as a petition for a writ of habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A pretrial detainee must challenge his or her pretrial detention by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Plaintiff's challenges to his current detention will, therefore, be dismissed without prejudice to Plaintiff's right to assert such challenges via a § 2241 petition.

Second, with respect to Plaintiff's request that this Court intervene in his pending state criminal proceedings, the Court must abstain from addressing Plaintiff's claims under the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

4

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's complaint suggests that his allegedly unconstitutional detention relates to his criminal case that is ongoing. Second, Plaintiff's criminal proceeding involves important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Moreover, the state court proceeding provides an adequate opportunity for Plaintiff to raise any constitutional challenges. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings or subsequent appeals, if any.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th

Cir. 1986). Plaintiff's amended complaint, however, is devoid of facts from which the Court could infer that any of these exceptions apply.

Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review the Defendants' actions relating to the prosecution. Plaintiff's amended complaint, which seeks only that relief, is properly dismissed without prejudice. *See Aaron v. O'Connor*, 914 F.3d 1010, 1021 (6th Cir. 2019) (instructing that, where *Younger* abstention applies, the district court should dismiss the case without prejudice).

## **Conclusion**

For the foregoing reasons, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), and because *Younger* abstention applies. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: October 24, 2025

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge